UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAYMOND YEE, )<br>)<br>　　　　Plaintiff, )<br>) Case No. 07 C 7150<br>vs. )<br>) Judge Marovich<br>UBS O'CONNOR, LLC AND UBS GLOBAL )<br>ASSET MANAGEMENT, ) Magistrate Judge Schenkier<br>)<br>　　　　Defendants. ) | |

## JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

Plaintiff RAYMOND YEE ("Plaintiff") and Defendants UBS O'CONNOR, LLC ("O'Connor") and UBS GLOBAL ASSET MANAGEMENT ("GLAM") (collectively referred to as "UBS" or "Defendants"), by and through their respective attorneys of record, hereby submit the following Status Report and Proposed Discovery Plan. Plaintiff and Defendants are hereinafter collectively referred to as the "Parties."

### A.　STATUS HEARING

This matter has not yet been set for a status hearing before the Court.

### B.　ATTORNEYS

1.　<u>Plaintiff's Counsel</u>: Paul W. Mollica (trial counsel) and Karen Sheley, Meites, Mulder, Mollica & Glink.

2.　<u>Defendants' Counsel</u>: David B. Ritter (trial counsel) and Sonya Rosenberg, Neal, Gerber & Eisenberg LLP.

### C.　BASIS FOR FEDERAL COURT JURISDICTION

Jurisdiction of this action is conferred upon this Court by the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.).

### D. JURY REQUEST

Plaintiff has requested a jury.

### E. NATURE OF THE CASE

Plaintiff is a former employee of Defendants. Plaintiff alleges that Defendants discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act. Defendants deny that they discriminated against Plaintiff in any manner and further deny that they are liable to Plaintiff in any way.

1. <u>Major Factual and Legal Issues in Agreement</u>:

    a. Plaintiff was born on June 10, 1952.

    b. Plaintiff was employed by O'Connor.

    c. Defendants are covered by the ADEA.

    d. Plaintiff was hired by O'Connor in 1989 as a senior analyst.

    e. Plaintiff's employment with O'Connor ended in 2007.

2. <u>Major Factual and Legal Issues in Dispute</u>:

    a. Whether Plaintiff was adequately performing his job when his employment ended.

    b. Whether the termination of Plaintiff's employment with Defendants was a result of a voluntary resignation or a discharge.

    c. The circumstances and reasons for the termination of Plaintiff's employment with Defendants.

    d. Whether Defendants discriminated against Plaintiff on the basis of his age.

    e. The nature and extent of Plaintiff's damages, if any.

    f. Whether Plaintiff reasonably mitigated his damages, if any.

    g. Whether Defendants discriminated willfully on the basis of age, if at all.

F.   **RELIEF SOUGHT**

Plaintiff seeks actual damages, liquidated damages, back pay and/or front pay, adjustments to his alleged "future entitlement to pension and similar benefits," pre-judgment interest, and attorneys' fees and costs. Defendants seek their costs in defending this matter.

G.   **SERVICE OF PROCESS**

All parties have been served and have appeared.

H.   **ANTICIPATED MOTIONS**

Plaintiff does not anticipate filing any motions at this time. Defendants anticipate filing a motion for summary judgment. The Parties propose a deadline of January 30, 2009, for Defendants to file a motion for summary judgment or any other dispositive motion.

I.   **DISCOVERY PLAN**

Defendants served their First Set of Interrogatories to Plaintiff, First Request for Production of Documents to Plaintiff, and a Notice of Deposition on Plaintiff's counsel on February 26, 2008. Plaintiff served his First Set of Interrogatories to Defendants, First Request for Production of Documents to Defendants, and First Set of Requests for Admissions to Defendants on March 11, 2008. The Parties will serve their Rule 26(a)(1) disclosures at the same time as their responses to the initial discovery requests. The Parties agree to serve responses to any discovery requests within forty-five (45) days of being served with them. The Parties agree to keep the number of their respective discovery requests reasonable, and in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure.

The Parties propose the deadline of December 3, 2008, to complete all (non-expert and expert) discovery. The Parties propose the deadline of October 3, 2008, to disclose expert witnesses and exchange expert reports.

### J. TRIAL

The earliest date that counsel and the Parties would be ready for trial is April 1, 2009. The parties request that the trial date be set at the Rule 16 conference. The Parties estimate that trial will last approximately five (5) Court days.

### K. SETTLEMENT DISCUSSIONS

The Parties engaged in some initial settlement discussions, but without success. The Parties do not anticipate pursuing settlement discussions until further discovery has been conducted. The Parties do not believe that a settlement conference with the Court would be useful at this time.

### L. MAGISTRATE JUDGE

The Parties consent to trial before a magistrate judge.

Dated: April __, 2008  Respectfully submitted,

**RAYMOND YEE**

By: /s/ Paul W. Mollica
One of Plaintiff's Attorneys

Paul W. Mollica
Karen Sheley
Meites, Mulder, Mollica & Glink
20 South Clark Street, Suite 1500
Chicago, IL 60603
Phone: (312) 263-0272
Fax: (312) 263-2942

- 5 -

**UBS O'CONNOR, LLC AND
UBS GLOBAL ASSET MANAGEMENT**


By:  /s/ David B. Ritter
   One of Defendants' Attorneys


David B. Ritter
Sonya Rosenberg
Neal Gerber & Eisenberg LLP
Two North LaSalle Street
Suite 2200
Chicago, Illinois 60602
Phone: (312) 269-8000
Fax: (312) 269-1747

- 6 -

**CERTIFICATE OF SERVICE**

I, David B. Ritter, an attorney, hereby certify that a true and correct copy of the foregoing **Joint Status Report and Proposed Discovery Plan** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

> Paul W. Mollica
> Karen Sheley
> Meites, Mulder, Mollica & Glink
> 20 South Clark Street, Suite 1500
> Chicago, IL 60603

Parties may access this filing through the Court's ECF system.

/s/   David B. Ritter
David B. Ritter

NGEDOCS: 1511997.4